UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JIMMY WILLIAMS

                              Plaintiff,

-against-

RICHARD PENGEL, IN HIS INDIVIDUAL CAPACITY;
DANIEL EHRENREICH, IN HIS INDIVIDUAL
CAPACITY;

                              Defendants.

------------------------------------------------------------------------ x

**JOINT PRE-TRIAL ORDER**

11 Civ. 5202  (JGK)

i. **Full Caption of Action**

The caption of this action is as set forth above.

ii. **Contact information of trial counsel.**

**Plaintiff:**
Darius Wadia, Esq.
Darius Wadia LLC
233 Broadway, Suite 2208
New York, New York  10279
dwaddia@wadialaw.com
Phone: (212) 233-1212
Fax: (212) 571-9149

**Defendants**:
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
By:    Brian Francolla, Esq.
        Senior Assistant Corporation Counsel;
        Melissa Wachs, Esq.
        Assistant Corporation Counsel
New York City Law Department
100 Church Street, 3-310
New York, NY  10007
Phone:  (212) 788-0988/442-6686
Fax:  (212) 788-9776/0902

iii. **Brief statement as to subject matter jurisdiction.**

### Plaintiff's Statement:

This action arises under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 in that it involves a federal question.

**Defendants' Statement:**

Plaintiff brings federal civil rights claims pursuant to 42 U.S.C. §1983. Accordingly, subject matter jurisdiction for the federal claims would be based on 28 U.S.C. §§ 1331 and 1343.

iv. **Brief Statement as to Claims and Defenses.**

**Plaintiff's Statement**:

**Claims to be Tried**:

a. False arrest: Plaintiff asserts a claim that he was arrested by the individual Defendants in the absence of probable cause. 42 U.S.C. § 1983.

b. Malicious prosecution: Plaintiff asserts a claim that the individual Defendants misrepresented and falsified evidence during all phases of the criminal proceedings. 42 U.S.C. § 1983.

c. Unlawful search: Plaintiff asserts a claim that the individual Defendants preformed a strip search and body-cavity search in the absence of any individualized reasonable suspicion that he was concealing weapons or contraband. 42 U.S.C. § 1983.

d. Denial of Right to Fair Trial: Plaintiff asserts that the defendants provided false information and/or evidence to the New York County District Attorney's Office that was likely to influence a jury's decision. 42 U.S.C. § 1983.

**Defendants' Statement:**

**Defenses to be tried**:

a. Plaintiff has failed to state a claim upon which relief can be granted. See 42 U.S.C. §1983.

b. There was probable cause for Plaintiff's arrest, detention, and/or prosecution.

c. Any and all injuries alleged in the complaint were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants.

d. Punitive damages are not recoverable against the individual defendants in their official capacity.

e. The individual Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to the defense of qualified immunity.

     f.     Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

     g.     There was reasonable suspicion, exigent circumstances, probable cause and/or consent for any stop and/or search(es).

     h.     Plaintiff failed to mitigate his alleged damages.

**Defenses Previously Asserted which are Not to be Tried**:

A Monell affirmative defense was previously asserted. The case as against the City was dismissed on July 5, 2012.

v.    **Statement as to Jury Trial**:

        **Plaintiffs' Statement:**

This case is to be tried to a jury. Plaintiff estimates that the trial will require 3-4 days.

        **Defendants' Statement:**

Defendants anticipate that the trial will last 3 to 4 days. Defendants request that this case is to be tried by a jury of eight (8) jurors. Defendants request, consistent with the Federal Rules of Civil Procedure, that the jury verdict must be unanimous.

vi.    **Statement as to Trial Before Magistrate:**

The parties do not consent to trial before a Magistrate Judge.

vii.    **Stipulations and Agreements of Fact and Law:**

Plaintiff Jimmy Williams was arrested at approximately 5:30 a.m. on April 10, 2009, and arraigned at approximately 11:00 a.m. on April 11, 2009. Plaintiff was indicted on April 15, 2009. He was released on April 21, 2009.

     **Agreed upon statement of law**

     New York Penal Law § 220.25(1) states in pertinent part, that:

The presence of a controlled substance in an automobile . . . is presumptive evidence of knowing possession thereof . . . by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply . . . when the controlled substance is concealed upon the person of one of the occupants."

### viii. List of Witnesses:

#### Plaintiff's Witnesses

a. Jimmy Williams, plaintiff

b. Larry Alston

c. Reginald Stephenson

d. Donald Williams

e. Any witness on Defendants' witness list.

#### Defendants' Witnesses

a. Richard Pengel, New York City Police Department ("NYPD") Officer, is expected to testify in person. Officer Pengel will testify as to the actions that he took and what he observed on April 10, 2009.

b. Daniel Ehrenreich, NYPD Officer, is expected to testify in person. Officer Ehrenriech will testify as to the actions that he took and what he observed on April 10, 2009.

c. Carlos Matos, NYPD Officer, is expected to testify in person. Officer Matos will testify as to the actions that he took and what he observed on April 10, 2009.

d. Defendants reserve their right to call any individual listed in the Plaintiff's Witness list.

### ix. Deposition testimony

Plaintiff and Defendants do not intend to use the deposition testimony of any witness in their cases-in-chief. However, the parties reserve the right to use the deposition testimony of any witness who is unavailable for trial. In addition, deposition testimony will be used to impeachment, if necessary.

### x. Schedule of Exhibits

#### Plaintiff's List

|   | Bates Number | Description | Objection |
|---|---|---|---|
| 1. | NYC1-NYC2 | New York City Police Department Complaint Report | * |

|    | Bates Number | Description | Objection |
|----|---|---|---|
| 2. | NYC3-NYC4 | NYPD Arrest Report for Jimmy Williams | * |
| 3. | NYC62-NYC63 | Redacted NYPD Arrest Report for Reginald Stephenson, redacted to remove the word "gangs" | |
| 4. | NYC73-NYC75 | Criminal Court Complaint | * |
| 5. | NYC11-NYC12/P 40-41 | Activity Log [memo book] for Officer Pengel | * |
| 6. | NYC11-NYC12/P 40-41 | Activity Log [memo book] for Officer Ehrenreich | * |
| 7. | NYC14-NYC15 | Activity Log [memo book] for Officer Matos | * |
| 8. | P 57-77 | Minutes of Mr. Alston and Mr. Stephenson's plea allocution | * |
| 9. | P 78-79 | Minutes of dismissal of Mr. Williams' criminal case | * |
| 10. | P 80 | Certificate of disposition from Mr. Williams' criminal case | * |
| 11. | | Google map of street grid | |
| 12. | | Various Google map street views | |
| 13. | NYC62-NYC63 | NYPD Arrest Report for Larry Alston | * |

--Plaintiff, without waiving any appropriate objections to introduction of same, reserves the right to use any of the items on defendants' exhibit list

**Defendants' List:**

|   | Bates Number | Description | Objection |
|---|---|---|---|
| A | NYC19, 31, 32, 36, 41, 44, 45, 46, 49 | Color photos of the vehicle in which plaintiff was arrested and the drugs and money found therein | ** |
| B | NYC57-NYC59; NYC7 | NYPD Property Clerk's Invoices Nos. P559343, P559348, P559352, P559350 and P559346 regarding property vouchered incident to plaintiff's arrest on April 10, 2009 | ** |
| C | NYC64-NYC68 | Grand Jury Indictment for Jimmy Williams, Docket No. 2009NY029451, New York State Criminal Court, New York County. | ** |
| D | NYC79 | New York State Criminal Court, New York County, Certificate of Disposition for Reginald Stephenson, | ** |

|   | **Bates Number** | **Description** | **Objection** |
|---|---|---|---|
|   |   | Docket No. 2009NY029453 |   |
| E | NYC80 | New York State Criminal Court, New York County, Certificate of Disposition for Larry Alston, Docket No. 2009NY029452 | ** |
| F | NYC88-NYC92 | Supreme Court of New York File relating to plaintiff's arrest of April 10, 2009. | * |
| G |   | 14 bags of crack cocaine; 31 glassines of heroin voucher No. P550343 | * |
| H | NYC108-NYC111 | Photographs of 32 Precinct depicting area plaintiff was strip-searched | ** |
| I | NYC112-NYC113 | Photographs of 128Th Street and Lenox Avenue, New York, New York ; Northbound | ** |
| J | NYC114, NYC117 | Photographs of Lenox Avenue and 128th Street, New York, New York; Southbound | ** |
| K | NYC115-NYC116 | Photographs of 128th Street between 7th Avenue and Lenox Avenue, New York, New York; Eastbound | ** |

--Defendants reserve the right to amend this exhibit list for good cause.
--Defendants reserve the right to use any exhibits listed by plaintiff above.


Dated:      New York, New York
            January 30, 2013


Darius Wadia, L.L.C.


_____/s/_____
By:  Darius Wadia (Bar number DW8679)
*Attorney for Plaintiff*
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212

Michael A. Cardozo
Corporation Counsel of the City of New York
*Attorney for Defendants Police Officer Richard Pengel and Police Officer Daniel Ehrenreich*
New York City Law Department
Office of the Corporation Counsel
Special Federal Litigation Division
100 Church Street, Room 3-310
New York, New York 10007
Phone: (212) 442-6686

_____/s/_____
By: Brian Francolla, Esq.

_____/s/_____
By: Melissa Wachs, Esq.

SO ORDERED:

_____
                 U.S.D.J.